IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DALE & SHERILL BARTA, ) | |
| ) | CASE NO. BK96-40899 |
| Debtor(s). ) | A06-4061 |
| DALE BARTA, ) | |
| ) | |
| Plaintiff, ) | CH. 12 |
| ) | |
| vs. ) | |
| ) | |
| GREG TODD; JACK TODD; and ) | |
| JAMES GOTSCHALL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This matter is before the court on the defendants' motion for summary judgment (Fil. #17) and response by the plaintiff (Fil. #23). The plaintiff represents himself, and Joel Lonowski represents the defendants. The motion was taken under advisement as submitted without oral arguments. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O).

The motion will be granted.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

Essentially, the test is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52. Moreover, although under Federal Rule of Civil Procedure 56 due deference must be given to the rights of litigants to have their claims adjudicated by the appropriate finder of fact, equal deference must be given under Rule 56 to the rights of those defending against such claims to have a just, speedy and inexpensive determination of the action where the claims have no factual basis. Celotex Corp. v. Catrett, 477 U.S. at 327.

The Bartas filed a Chapter 12 case in 1996, and received a discharge in May 2000. Mr. Barta filed this lawsuit in 2006 alleging that the defendants violated the automatic stay of 11 U.S.C. § 362 and/or the bankruptcy discharge injunction of 11 U.S.C. § 524 when they obtained a state court judgment against him in 2000 and removed cattle from his premises and sold them in 2002.

According to Mr. Barta, he and defendant Jack Todd entered into an oral agreement in January 1994 for Mr. Barta to purchase 32 head of cattle from Mr. Todd. Mr. Barta paid $9,100 to Mr. Todd toward the purchase of the cattle in 1995. When the Bartas filed their bankruptcy case in 1996, they listed Mr. Todd in their schedule of executory contracts and unexpired leases, describing the arrangement as a lease of 32 cows from Mr. Todd under which Mr. Todd received the proceeds of the sale of heifers and calves each year while the Bartas retained the bull calves. It does not appear from a review of the bankruptcy file that Mr. Todd received notice of the bankruptcy case. He was not listed in the creditor matrix. He did not file a claim, so the plan did not deal with that debt and Mr. Todd was not served with a copy of the plan or the order confirming the plan.

In 1997, the parties memorialized the agreement in writing, stating that the purchase price for the cattle was $32,200 at nine percent interest and setting out a payment schedule of $10,000 due from Mr. Barta each January in 1998, 1999, and 2000. The evidence suggests the parties may not have had a meeting of the minds on these terms, and Mr. Barta alleges that even though his signature appears on the document, he did not sign it. In 1999, Mr. Todd obtained some of the cattle from Mr. Barta. In April 2000, before the bankruptcy discharge was entered, Mr. Todd sued Mr. Barta in state court to recover the balance due for the cattle. After trial, judgment was entered in 2001 in favor of Mr. Todd for $28,873.21, plus costs and interest at eight percent. It does not appear that the District Court of Antelope County, Nebraska, was made aware of the Bartas' bankruptcy case at any point during the proceedings. In the spring of 2002, the local sheriff oversaw the removal of 53 head of cattle from Mr. Barta's property for the benefit of Mr. Todd. The cattle were auctioned and Mr. Todd received $26,132.30 in proceeds. In July 2006, Mr. Barta filed the present lawsuit.

According to Mr. Todd, he and Mr. Barta entered into a post-petition contract in October 1997 for the sale of the cattle. In 2000, he instituted a lawsuit to recover on the contract and judgment was entered in his favor. Eventually, the matter was settled and the parties executed a mutual release in April 2002 whereby Mr. Barta executed a bill of sale to Mr. Todd for the cattle, Mr. Todd agreed to sell the cattle and keep the proceeds, except for $6,000 paid to Mr. Barta for his legal fees, the judgment was satisfied, and Mr. Barta's appeal of the judgment was dismissed. Mr. Todd believes there has been a complete and total settlement and release of all claims referred to in Mr. Barta's complaint.

In addition to Mr. Jack Todd, the defendants are his son Greg Todd, and the attorney who represented Jack Todd in the Antelope County litigation, James Gotschall. All three of the defendants state in their affidavits that they were not aware of Mr. Barta's bankruptcy case until August of 2006, after the present lawsuit was filed.

Mr. Barta's complaint and the evidence he submitted in resistance to the summary judgment motion do not contain any allegations against Mr. Greg Todd. The only mention of Mr. Gotschall concerns his representation of Mr. Jack Todd in the Antelope County court proceedings and settlement. Because the plaintiff has not alleged any harm caused by either of these defendants, they are entitled to summary judgment.

Summary judgment will also be granted to Mr. Jack Todd, for several reasons. First, the discharge injunction is analogous to the automatic stay. The automatic stay is in effect during the pendency of the bankruptcy case, until the case is closed or dismissed or a discharge is entered. § 362(c)(2). Upon entry of a discharge, efforts to collect a discharged debt are enjoined, unless a reaffirmation agreement under § 524(c) is filed with the court, although the debtor may voluntarily repay a discharged debt. Willful violation of either section are subject to sanctions. Here, there is no evidence that Mr. Todd was aware of the bankruptcy case, so the alleged violation, if any, committed in attempting to collect his debt was not willful.

Second, the *Rooker-Feldman* doctrine[1] comes into play under the circumstances of this case. The *Rooker-Feldman* doctrine precludes lower federal court review of state court judgments, which is essentially what Mr. Barta is asking this court to do. The doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). "[W]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." Id. at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)).

In a case bearing factual similarities to the case before this court, the *Rooker-Feldman* doctrine was held to preclude a debtor's attempt to use the discharge injunction to set aside a state court judgment in favor of his creditors. In Ferren v. Searcy Winnelson Co. (In re Ferren), 227 B.R. 279 (B.A.P. 8th Cir. 1998), several creditors held judgment liens against the debtor's real property. The Chapter 13 debtor scheduled most of those liens as unsecured debts and did not specifically treat those debts in his reorganization plan. Only one of the judicial lienholders filed a proof of claim in the case. After the debtor received a discharge, one of the judgment creditors filed a state court action to foreclose its lien and distribute the proceeds among the various lienholders. The debtor argued in state court that his bankruptcy discharge extinguished the liens and therefore eliminated the creditors' rights to any of the sale proceeds. The state court disagreed with the debtor and entered an order of disbursal. The debtor did not appeal the state court order. Rather, he reopened the

---

[1] The doctrine was developed in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

-3-

bankruptcy case and filed an adversary proceeding to enforce the discharge injunction and obtain turnover of the sale proceeds. The bankruptcy court dismissed the case on grounds of preclusion.

On appeal, the bankruptcy appellate panel affirmed the dismissal on the basis of *Rooker-Feldman*, holding that the bankruptcy court had no jurisdiction to review the debtor's claims and grant him relief because the only way to do so would have been to reverse the state court's decision. The Eighth Circuit Court of Appeals affirmed the B.A.P. decision, noting that to entertain the debtor's allegations, the bankruptcy court would necessarily have had to review the discharge argument which the state court rejected, and to rule in the debtor's favor, the bankruptcy court would have had to void the state court order, which it has no jurisdiction to do. 203 F.3d 559 (8th Cir. 2000).

In the present case, the debtor appears to be asking this court to set aside the Antelope County court order. As noted above, the bankruptcy court does not have the jurisdiction to do that. Moreover, the Antelope County order is based on a 1994 promissory note which is not part of the record in this case. The district court judge specifically noted that the October 1997 document purports to modify the terms of the January 1994 agreement, but Mr. Barta did not consent to the modification. The court therefore enforced the January 1994 note and ordered payment for the balance due with interest.

Finally, the parties' settlement of the issues contained in the Antelope County order and their mutual release of claims operates to give the matter finality. The state court case was litigated to judgment, with no appeal prosecuted to completion, rendering that order final and, by virtue of res judicata, unassailable. The fact that the parties subsequently reached a mutually satisfactory resolution of the matters decided in the order adds another layer of conclusiveness to the case. This court does not have the authority to salve Mr. Barta's remorse over the settlement agreement he executed, nor will it condone legal maneuvers attempting to dispossess a creditor of his rightful property.

Separate judgment will be entered.

DATED:    December 1, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Dale & Sherrill Barta     U.S. Trustee
    *Joel Lonowski
Movant (*) is responsible for giving notice to other parties if required by rule or statute.